IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEANNE C. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:14-cv-137-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Jeanne C. Jones ("Plaintiff") filed an application for disability insurance benefits and widow's insurance benefits.  Her application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled from the alleged onset date of October 25, 2010, through the date of the decision.  Plaintiff appealed to the Appeals Council, which rejected her request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 11).  Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC").  *Id.* at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence.  *Id.*  It may contain both exertional and nonexertional limitations.  *Id.* at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id.* at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE").  *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id.*

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  Substantial evidence is more than a scintilla, but less than a preponderance.  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation marks and citation omitted); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) ("'Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.'").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986) (per curiam).  The court must "scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims."  *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987) (per curiam).

## III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-eight years old at the time of the hearing before the ALJ and has a high school education.  Tr. 43.  Following the administrative hearing and employing the five-step process, the ALJ found at Step 1 that Plaintiff "has not engaged in substantial gainful activity since October 25, 2010, the alleged onset date."  Tr. 18.  At Step 2, the ALJ found that Plaintiff suffers from the severe impairments of "recurrent palpitations without significant arrhythmia, dyspnea on exertion, hypertension, COPD, moderate lower cervical degenerative disc and joint disease, and peripheral artery disease without critical ischemia."  *Id.*  The ALJ then found at Step 3 that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  Tr. 19.  Next, the ALJ found that Plaintiff has the following RFC:

> [Plaintiff] has the [RFC] to perform light work . . . .  [Plaintiff] is able to lift/carry twenty pounds occasionally with ten pounds frequently. [Plaintiff] could stand and/or walk for six hours in an eight-hour workday in combination.  She could sit for a total of about six hours in an eight-hour workday.  [Plaintiff] could occasionally climb ramps and stairs, but no ladders, ropes, or scaffolds.  [Plaintiff] could occasional[ly] balance, stoop, kneel, crouch, and crawl.  [Plaintiff] should avoid unprotected heights and hazardous machinery.

Tr. 20.

Following the RFC determination, the ALJ found at Step 4 that Plaintiff could perform her past relevant work as a paralegal, receptionist, cake decorator, cashier checker, and store laborer.  Tr. 25.  Accordingly, the ALJ determined that Plaintiff "has

not been under a disability, as defined in the Social Security Act, from October 25, 2010, through the date of th[e] decision." *Id.*

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents four issues for this court's consideration in review of the ALJ's decision: (1) "whether the ALJ erred by failing [to] reconcile inconsistencies in the record regarding [Plaintiff's] depression and anxiety; thus, the ALJ failed to properly consider the depression and anxiety"; (2) "whether the ALJ's finding of [Plaintiff's] [RFC] is inconsistent with her other findings"; (3) "whether the ALJ erred in completely discrediting Dr. Aliabadi, the treating cardiologist and erred by failing to resolve the inconsistencies in the record"; and (4) "whether the ALJ's finding that [Plaintiff] can return to her past relevant work is not based on substantial evidence."  Pl.'s Br. (Doc. 12) at 1.

## V.   DISCUSSION

Throughout her brief, Plaintiff asserts that the ALJ erred by failing to reconcile inconsistencies in the record.  Pl.'s Br. (Doc. 12).  The court agrees overall and finds that it is unable to conduct a full review of the ALJ's decision to determine whether it is supported by substantial evidence.  In summary, the court is unable to determine what evidence the ALJ considered regarding Plaintiff's depression and anxiety and what effect those conditions, or the medications taken therefor, have on Plaintiff's ability to concentrate.

As discussed above, to make a disability determination, the Commissioner employs a five-step, sequential evaluation process.   The first step requires a

determination regarding a claimant's substantial gainful activity.   Second, the ALJ identifies a claimant's severe medical impairments. Third, the ALJ must determine whether a claimant's specific impairments meet or equal one of the specific impairments set forth in the Listing of Impairments.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

In Plaintiff's case, at Step Two, where the ALJ was to assess Plaintiff's severe impairments, the ALJ stated as follows:

> [Plaintiff]'s medically determinable mental impairments of situational depression and anxiety, considered singly and in combination, do not cause more than minimal limitations in [Plaintiff]'s ability to perform basic mental work activities and are therefore nonsevere.  In making this finding, the [ALJ] has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments . . . .

Tr. 18.

It appears the ALJ is applying the Step Three standard to determine whether Plaintiff's specific impairments meet or equal one of the specific impairments set forth in the Listing of Impairments—not whether Plaintiff's medically determinable mental impairments are severe.   Indeed, the ALJ's only explanation for finding Plaintiff's depression and anxiety to be nonsevere was the fact that the depression and anxiety did not meet the listing, an inquiry that is irrelevant at Step Two.   Tr. 19 ("Because [Plaintiff]'s medically determinable mental impairments [do not satisfy the listing], they are nonsevere").

A claimant has the "burden of showing her impairment is 'severe' within the meaning of the Act." *McDaniel v. Bowen*, 800 F.2d 1026,1030-31 (11th Cir. 1986)

("Unless a claimant can prove, as early as step two, that she is suffering from a severe impairment, she will be denied disability benefits").

> Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

*Id.*

Aside from applying the wrong legal standard, it is unclear to the court what medical evidence was considered when determining whether Plaintiff's depression and anxiety were severe impairments.  Multiple doctors diagnosed Plaintiff with depression and anxiety, conditions that were severe enough to cause Plaintiff to be medicated on and off.  *See* Tr. 240-44, 277, 280, 284, 291-92, 294-95, 299, 310, 331-32, 333-46, 360-61.  Specifically, Ms. Hollie Crutchfield, CRNP, whose opinion the ALJ gave significant weight, noted that Plaintiff "has a significant bit of depression," Tr. 382, and Dr. Robert Michael O'Brien, M.D.,[5] referred Plaintiff for psychiatric treatment because of her depression and anxiety.  Tr. 387.  However, the ALJ never mentioned either of these pieces of evidence.

Of more concern is the opinion of Dr. Adediji, which was given "great weight" by the ALJ, that Plaintiff "would need some accommodation on the job regarding physical

---

[5] The ALJ never mentions this physician at all.

exertion and mental stress."[6]  Tr. 394.  The ALJ did not mention this portion of Dr. Adediji's opinion at all.  In fact, during the ALJ's limited discussion of Plaintiff's depression and anxiety at Step Two, the ALJ did not mention Dr. Adediji once.  When the ALJ did discuss Dr. Adediji's opinion later in relation to the RFC assessment, the ALJ quoted Dr. Adediji's summary of Plaintiff's daily living:  "[Plaintiff] is able to do personal care and light domestic chores but takes longer time.  She does laundry with reduced load and interval resting.  She can mop and vacuum at slower pace."  Tr. 22 (quoting Tr. 392).  However, the ALJ failed to mention the subsequent paragraph in Dr. Adediji's report in which he opined that Plaintiff "has poor focus and is easily distractible."  Tr. 393.

The ALJ concluded, albeit at the wrong step in the process, that Plaintiff did not have any impairment that meets or equals the Mental Disorder Listing based on the ALJ's determination that Plaintiff suffers from only mild limitations in her activities of daily living, social functioning, and concentration, persistence or pace, and has had no episodes of decompensation.  *Id.* at 18-19.  However, the court remains concerned regarding what evidence the ALJ considered in making this determination.  As discussed above, much evidence went unmentioned in the ALJ's limited discussion of Plaintiff's depression and anxiety.  The ALJ did rely on the opinion of Dr. Randall Jordan, Psy. D., when analyzing whether Plaintiff's depression or anxiety satisfied the Listing.  However, again, the ALJ

---

[6] It appears to the court that this evidence would suffice for Plaintiff to satisfy her "mild" burden at Step Two.

did not mention the portion of Dr. Jordan's opinion in which he stated that Plaintiff's "[d]epression probably needs special psychiatric care."  Tr. 332.

Despite the ALJ's determination that Plaintiff's depression and anxiety were not severe impairments and despite the ALJ's exclusion of any limitations in the RFC to accommodate Plaintiff's depression, anxiety, or lack of ability to concentrate caused by said conditions, the ALJ stated, "The [RFC] accommodates [Plaintiff]'s . . . concentration reducing medicinal side effects."[7]  Tr. 24.  The court is perplexed by this statement. First, the RFC does not have any such accommodation regarding a reduction in concentration.  Second, as discussed above, it seems that the medical evidence of record could support a finding that Plaintiff did have a reduced ability to concentrate, yet the ALJ never made such a finding, other than this statement.

This apparent concession by the ALJ that Plaintiff is unable to concentrate fully causes a greater concern upon review of the VE's testimony at Plaintiff's hearing.  When asked by the ALJ if a hypothetical individual with the physical limitations included in the relevant RFC was restricted by "an additional limitation that [Plaintiff] would experience residual psychiatric symptoms resulting in a need for simple tasks with short simple instructions," the VE testified that Plaintiff would have been unable to perform any of her prior work.  Tr. 71. This additional question for the VE also suggests that the ALJ was concerned with Plaintiff's ability to concentrate because of her depression and anxiety.

---

[7] Defendant asserts "this language is a typographical error."  Def.'s Br. (Doc. 17) at 10.  The court declines to engage in such speculation, especially in light of the second hypothetical question asked of the VE at the hearing, which is discussed further below.

Yet the ALJ never discussed the medical evidence that would give rise to such concern or her findings regarding Plaintiff's ability to concentrate.

While "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," it is necessary that the ALJ's decision be clear enough to allow a reviewing court to determine whether the decision was supported by substantial evidence. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (ALJ's decision must not be "a broad rejection which is not enough to enable [a reviewing court] to conclude that [the ALJ] considered [Plaintiff's] medical condition as a whole.") (internal citations omitted).

Without clarification as to what evidence the ALJ considered and her findings related thereto regarding Plaintiff's depression and anxiety, and any lack of ability to concentrate caused thereby, the court is unable to conduct a full review of the ALJ's decision to determine whether it is supported by substantial evidence.  On remand, the ALJ should reevaluate Plaintiff's depression and anxiety in consideration of all medical evidence and, if the ALJ finds Plaintiff to suffer from an impaired ability to concentrate, either accommodate such impairment in the RFC or explain why it is determined that such an accommodation is unnecessary, especially in light of the VE's testimony about the preclusive effect such an additional limitation would have on Plaintiff's ability to return to her prior employment.

**VI.    CONCLUSION**

For the reasons stated above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner to reevaluate Plaintiff's depression and anxiety, as well as any limitations caused thereby.  A separate judgment will issue.

Done this 10th day of February, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE